UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRIAN LOTT,

        Petitioner,

v.                              CASE NO. 08-14367
                                 HONORABLE DENISE PAGE HOOD

JEFFREY WOODS,

        Respondent.

_____/

### ORDER DENYING THE MOTION FOR RELIEF FROM JUDGMENT OR TO ALTER OR AMEND THE JUDGMENT, BUT GRANTING PETITIONER'S MOTION TO PROCEED *IN FORMA PAUPERIS* ON APPEAL

        Petitioner Brian Lott has filed a *pro se* appeal from the Court's opinion and judgment denying his habeas corpus petition on June 30, 2011. Currently pending before this Court are Petitioner's Motion to Proceed *In Forma Pauperis* on Appeal and his Motion for either Relief from Judgment or to Alter or Amend the Judgment. Both motions are dated December 28, 2011, and Petitioner alleges that he gave the motions to a prison official for mailing on the same day.

        The Court construes Petitioner's motion for relief from judgment as a request to re-open the time to file an appeal, because the relief requested is an opportunity to file a timely notice of appeal. The time for filing an appeal in a civil case generally is 30 days after entry of the judgment or order appealed from. Fed. R. App. P. 4(a)(1)(A). The district court, however,

    may reopen the time to file an appeal for a period of 14 days after the date

when its order to reopen is entered, but only if all the following conditions are satisfied:

> (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;
>
> (B) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and
>
> (C) the court finds that no party would be prejudiced.

Fed. R. App. P. 4(a)(6).

The Court filed its dispositive opinion and judgment in this case on June 30, 2011. Petitioner alleges that he did not receive the Court's opinion from his attorney until December 19, 2011. Exhibits to Petitioner's motion support this allegation. The first exhibit is a letter, which was sent to Petitioner from his attorney. The letter is dated December 14, 2011, and it informs Petitioner that this Court denied his habeas corpus petition. The letter also indicates that the Court's opinion is enclosed with the letter.

The second exhibit purports to be the envelope in which Petitioner's attorney mailed his letter and the Court's dispositive opinion to Petitioner. The envelope is postmarked December 16, 2011, and it appears to have been deposited in the mail in Detroit, Michigan and sent to Petitioner's place of confinement over three hundred miles away in Kincheloe, Michigan. It is quite possible that the envelope did not reach the prison until December 18, 2011, and that another day elapsed before prison officials showed the letter to Petitioner.

The Court concludes from Petitioner's allegations and exhibits that he did not

receive notice of the Court's opinion and judgment within twenty-one days after entry of those documents on the Court's docket. Instead, he appears to have received notice of the opinion and judgment on or about December 19, 2011. Thus, he has satisfied the first condition for re-opening the appeal period.

The second condition requires showing that the motion was filed within 180 days after the judgment or order was entered or within 14 days after the moving party received notice of the entry, whichever is earlier. One hundred eighty days from the Court's judgment was December 27, 2011, and fourteen days from the date Petitioner allegedly received notice of the judgment was January 2, 2012. One hundred eighty days is the earlier of the two dates and is the applicable deadline in this case.

Petitioner did not sign and date his motions or submit them to a prison official for mailing until December 28, 2011. Therefore, his motion is untimely, and the Court need not determine whether the parties would be prejudiced if the Court re-opened the time to file an appeal.

Petitioner has failed to satisfy all the conditions set forth in Appellate Rule 4(a)(6). Therefore, his Motion for Relief from Judgment or to Alter or Amend the Judgment [Document #16, dated December 30, 2011] is **DENIED**. However, because Petitioner alleges that he is indigent and is no longer able to pay counsel to assist him

on appeal, Petitioner's Motion to Proceed *In forma Pauperis* on Appeal [Document #18, dated December 30, 2011] is **GRANTED**.

        S/Denise Page Hood
        Denise Page Hood
        United States District Judge

Dated: February 2, 2012

I hereby certify that a copy of the foregoing document was served upon Brian Lott #525496, 16770 S. Watertower Drive, Kincheloe, MI 49788 and counsel of record on February 2, 2012, by electronic and/or ordinary mail.

        S/LaShawn R. Saulsberry
        Case Manager