UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRIAN LOTT,

        Petitioner,

v.                                            CASE NO. 08-14367
                                              HONORABLE DENISE PAGE HOOD

JEFFREY WOODS,

        Respondent.

_____/

## ORDER GRANTING PETITIONER'S REQUEST TO REOPEN THE TIME TO FILE AN APPEAL UNDER FEDERAL RULE OF APPELLATE PROCEDURE 4(a)(6)

      This matter is pending before the Court on remand from the Court of Appeals for the limited purpose of reconsidering whether petitioner Brian Lott is entitled to relief under Federal Rule of Appellate Procedure 4(a)(6). Petitioner filed an application for the writ of habeas corpus in 2008. On June 30, 2011, the Court denied the habeas petition, but granted a certificate of appealability on Petitioner's claim that his trial attorney was ineffective.

      About six months later, Petitioner filed a notice of appeal and a motion for relief from judgment or to alter or amend the judgment. The relief sought in the motion was an opportunity to file a timely notice of appeal. The Court therefore construed Petitioner's motion as a request to re-open the time to file an appeal. The Court then denied the motion after determining in a written order that Petitioner did not satisfy all the conditions for reopening the time for filing an appeal. The Court of Appeals subsequently pointed out an error in the Court's calculations and remanded Petitioner's

case to this Court for reconsideration of whether Petitioner's motion should be granted.

The relevant rule on reconsideration is Federal Rule of Appellate Procedure 4. Under Rule 4(a)(1)(A), the time for filing an appeal in a civil case is 30 days after entry of the judgment or order appealed from. The district court

> may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all the following conditions are satisfied:
>
> > (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;
> >
> > (B) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and
> >
> > (C) the court finds that no party would be prejudiced.

Fed. R. App. P. 4(a)(6).

The Court determined in its previous order that Petitioner did not receive the Court's dispositive opinion and judgment within twenty-one days after entry of those documents on the Court's docket. Petitioner has satisfied the first condition for re-opening the appeal period.

The second condition requires showing that the motion was filed within 180 days after the judgment or order was entered or within 14 days after the moving party received notice of the entry, whichever is earlier. The earlier of the two dates in this case was 180 days, but the Court mistakenly concluded in its previous order that Petitioner did not file his motion for relief from judgment within 180 days of the Court's judgment. The Court calculated the 180 days in Rule 4(a)(6)(B) from the date that the

Court signed its dispositive opinion and judgment, as opposed to the date that the judgment was entered on the docket. Under the correct method of calculation, Petitioner's motion was timely, and he has satisfied the second condition for reopening the time to file an appeal.

The remaining question is whether any party will be prejudiced by reopening the time to file an appeal. Petitioner is seeking to reopen the appeal period, and the State did not file an answer in opposition to Petitioner's motion. The Court therefore finds that no party would be prejudiced by the reopening of the time to file an appeal and that Petitioner has satisfied the third and final condition for reopening the appeal period.

To conclude, Petitioner has satisfied all three conditions set forth in Rule 4(a)(6). Consequently, his motion for relief from judgment or to alter or amend the judgment [Document #16] is **GRANTED** to the extent that the notice of appeal [Document #17] is deemed timely. The Court's previous order denying Petitioner's motion for relief from judgment or to alter or amend the judgment [Document #20] is **VACATED**.

S/Denise Page Hood
Denise Page Hood
United States District Judge

Dated: September 25, 2012

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 25, 2012, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry
Case Manager